1
2  **JS-6**
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10
11 | WILLIAM F. HOWARD,              ) Case No. EDCV 12-00700 VAP
                                    ) (OPx)
12 |            Plaintiff,           )
                                    ) **JUDGMENT ON (1) STIPULATED**
13 |      v.                        ) **DISMISSALS AND (2) SPECIAL**
                                    ) **VERDICT**
14 | COUNTY OF RIVERSIDE,            )
   | ARMANDO MUNOZ, AND DOES        )
15 | 1 TO 10,                        )
                                    )
16 |            Defendants.          )
   |_____ )
17
18      This action came on regularly for trial on June 3,
19 2014, in Courtroom "2" of the above-entitled court, the
20 Honorable District Judge Virginia A. Phillips presiding.
21 Plaintiff William H. Howard appeared by attorneys Dale K.
22 Galipo of The Law Offices of Dale K. Galipo and Vicki I.
23 Sarmiento of The Law Offices of Vicki I. Sarmiento.
24 Defendants County of Riverside and Deputy Armando Munoz
25 appeared by attorneys John M. Porter and James Packer of
26 Lewis Brisbois Bisgaard & Smith LLP, and Christopher
27 Lockwood of Arias and Lockwood.
28

1    Before trial the parties stipulated to the dismissal of Sergeant Randall Wedertz and Sheriff Stanley Sniff. Accordingly, the Court enters a judgment of dismissal against Sergeant Randall Wedertz and Sheriff Stanley Sniff.

   A jury of 8 persons was impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court, and the cause was submitted to the jury with instructions to return a verdict on special issues. The jury deliberated and thereafter returned into Court with its verdict as follows:

**CLAIM 1: SECTION 1983 CLAIM - USE OF EXCESSIVE FORCE**

1. Did Defendant Deputy Munoz use excessive force against Plaintiff William Howard?

   __**X**_____        _____
   YES                      NO

(If you answered Question No. 1 "yes," answer Question No. 2. If you answered Question No. 1 "no," go to Question 3.)

2. Was Defendant Deputy Munoz's use of excessive force a cause of injury to Plaintiff William Howard?

   __**X**_____        _____
   YES                      NO

          (Please go to Question No. 3)

2

**CLAIM 2: BATTERY**

3. Did Defendant Deputy Munoz use unreasonable force against Plaintiff William Howard?

    __**X**_____                      _____
     YES                                         NO

(If you answered Question No. 3 "yes," answer Question No. 4. If you answered Question No. 3 "no," and you answered Question Nos. 1 and 2 "yes," go to Question No. 5. If you answered Question No. 3 "no," and you answered either Question No. 1 or 2 "no" go to the end of the Special Verdict Form without answering any other questions, date and sign the form, and advise the Bailiff.)

4. Was Defendant Deputy Munoz's use of unreasonable force a cause of injury to Plaintiff William Howard?

    __**X**_____                        _____
     YES                                           NO

(If you answered Question No. 4 "yes," go to Question No. 5. If you answered Question No. 4 "no," and you answered Question Nos. 1 and 2 "yes", go to Question No. 5. If you answered Question No. 4 "no," and you answered either Question Nos. 1 or 2 "no" go to the end of the Special Verdict Form without answering any other questions, date and sign the form, and advise the Bailiff.)

**DAMAGES**

<u>Answer each line with a dollar amount or write zero.</u>

5. What are Plaintiff William Howard's damages for his physical pain, suffering, and disfigurement?

    Past Mental, Physical, and Emotional Pain, Suffering, and Disfigurement

                                                    $__**1,500,000.00**__

    Future Mental, Physical, and Emotional Pain, Suffering, and Disfigurement

                                                    $__**1,500,000.00**__

(If you answered Question Nos. 1 and 2 "yes," answer Question No. 6. If you answered Question Nos. 1 or 2 "no," do not answer Question No. 6, and go to Question No. 7.)

    <u>As stated in the Court's Instructions, the amounts for past and future medical services and care for</u>

1 | <u>Plaintiff's damages on his Excessive Force Section 1983 Claim and Battery Claim may be different.</u>

6. On his Excessive Force Section 1983 Claim, what are Plaintiff William Howard's damages for his past and future medical services and care?

Past Medical Services and Care

$ <u>  410,000.00  </u>

Present Value of Future Medical Services and Care

$ <u>  3,000,000.00  </u>

(If you answered Question Nos. 3 and 4 "yes," answer Question No. 7. If you answered Question Nos. 3 or 4 "no," go to the end of the Special Verdict Form without answering any other questions, date and sign the form, and advise the Bailiff.)

7. On his Battery Claim, what are William Howard's damages for past and future medical care and services?

Past Medical Services and Care

$ <u>   300,000.00  </u>

Present Value of Future Medical Services and Care

$ <u>   1,100,000.00  </u>

Signed:  <u>     /s/              </u>
       Presiding Juror

Dated: <u>    June 11, 2014    </u>

**NOW THEREFORE, IT IS ORDERED ADJUDGED AND DECREED:**

Pursuant to Plaintiff's election of damages awarded to him on his section 1983 Claim, Plaintiff William H. Howard has a judgment against Defendant Deputy Armando Munoz and Defendant County of Riverside in the sum of $6,410,000.00 with interest thereon at the legal rate per

annum, plus attorney's fees and costs as prevailing party under the section 1983 Claim.

Dated: July 3, 2014

                      VIRGINIA A. PHILLIPS
                      United States District Judge

5